FILED

JUL 19 2016

SOUTHERN DISTRICT OF MISSISSIPPI

BY_____ DEPUTY
ARTHUR JOHNSTON

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**STATE AUTO PROPERTY & CASUALTY
INSURANCE COMPANY**                                                    **PLAINTIFF**

**VS.**                                  CIVIL ACTION NO. 3:16cv567 TSL-RHW

**CHARLES PENDLETON AND BETTY PENDLETON**                      **DEFENDANTS**

---

## COMPLAINT FOR DECLARATORY JUDGMENT
### (Jury Trial Demanded)

---

COMES NOW Plaintiff, State Auto Property & Casualty Insurance Company ("State Auto"), by and through its attorneys herein, and brings this action for declaratory judgment against Defendants, Charles Pendleton and Betty Pendleton, and for its cause of action would respectfully show unto the Court the following:

### JURY TRIAL

1.

Plaintiff respectfully requests a trial by jury on all factual issues that may exist or may arise in the subject litigation.

### NATURE OF THE CASE

2.

This is an action for Declaratory Judgment pursuant to Rule 57, Federal Rules of Civil Procedure, for the purpose of determining questions of actual controversy between the parties as hereinafter more fully appears. This Complaint is filed under the Federal Declaratory Judgment Act, 28 U.S.C.A. §2201, *et seq.*, and involves an actual, real and substantial controversy, justiciable in character, touching the legal relationships of parties having adverse legal interests, admitting of specific relief through a decree conclusive in character involving the respective rights, duties and liabilities of the parties hereto under a policy of property insurance.

## PARTIES

### 3.

Plaintiff, State Auto, is an insurance company organized and existing under the laws of the State of Iowa, having its principal place of business and being domiciled in the State of Iowa, but which at all times mentioned herein was authorized to do and was doing business in the State of Mississippi.

### 4.

Defendants, Charles Pendleton and Betty Pendleton, are married adult resident citizens of Warren County, Mississippi, and may be served with process at their last known address, 131 Robinhood Road, Vicksburg, Mississippi 39180, or at any such other place where said Defendants may be found.

## VENUE

### 5.

The insurance claim underlying this lawsuit allegedly occurred in Warren County, Mississippi, which is located in the Northern Division of the Southern District of Mississippi. *See* 28 U.S.C.A. § 1391.

## JURISDICTION

### 6.

There is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00). *See* 28 U.S.C.A. § 1332.

## FACTUAL BACKGROUND

### 7.

On or about December 22, 2014, Charles Pendleton applied for a State Auto

2–

homeowner's policy of insurance. On or about January 5, 2015, a State Auto policy bearing No. HMS 0044198 was issued to Charles Pendleton for certain property located at 131 Robinhood Road in Vicksburg, Mississippi. A true and correct copy of said policy is attached hereto as **Exhibit "A"** and its terms and conditions are incorporated herein by reference as if copied herein in full.

8.

On or about March 10, 2016, the home and personal property of the largest house (there are three structures at this address) located at 131 Robinhood Road in Vicksburg, Mississippi was allegedly damaged by rainwater entering the dwelling through the roof.

9.

Charles Pendleton and his wife, Betty Pendleton, as insureds under State Auto Policy No. HMS 0044198, owners of the property at issue herein, and parties with an interest in the proceeds of the insurance policy at issue herein, submitted claims for coverage with State Auto for damage to the home and contents therein. The value of Defendants' claim is approximately $238,500.00. To date, State Auto has paid Defendants approximately $95,787.24 in policy benefits as a result of this alleged loss.

## **RELEVANT POLICY PROVISIONS**

10.

State Auto Policy No. HMS 0044198 provides in pertinent part as follows:

**SECTION I – PERILS INSURED AGAINST**

**A.  Coverage A – Dwelling and Coverage B – Other Structures**
  1.  We insure against risk of direct physical loss to property described in Coverages A and B.
  2.  We do not insure, however, for loss:
    a.  Excluded under Section I – Exclusions;...

*See* **Exhibit "A,"** Policy, Form HO0003 (10/00), pp. 7-8 of 20.

**B.  Coverage C – Personal Property**

> We insure for direct physical loss to the property described in Coverage **C** caused by any of the following perils unless the loss is excluded in Section **I** – Exclusions....

*See Id.,* p. 9 of 20.

### SECTION I – EXCLUSIONS

**A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area....

    **8. Intentional Loss**
Intentional Loss means any loss arising out of any act an "insured" commits or conspires to commit with the intent to cause a loss.
In the event of such loss, no "insured" is entitled to coverage, even "insureds" who did not commit or conspire to commit the act causing the loss.

*See Id.,* pp. 10-11 of 20.

### SECTION I – CONDITIONS...

**Q. Concealment or Fraud**
We provide coverage to no "insureds" under this policy if, whether before or after a loss, an "insured" has:
1. Intentionally concealed or misrepresented any material fact or circumstance;
2. Engaged in fraudulent conduct; or
3. Made false statements;
relating to this insurance.

*See Id.,* pp. 11-14 of 20.

## <u>THERE IS NO COVERAGE PROVIDED BY THE POLICY</u>

### 11.

Plaintiff investigated Defendants' claims in accordance with the terms of the policy and the findings and conclusions of said investigation show that Defendants are not entitled to coverage, as the water loss and damages at issue could not have occurred in the manner claimed by Defendants without intentional human involvement.

12.

Further, for the purpose of collecting from Plaintiff, under the policy, Defendants provided State Auto with materially false information and intentionally concealed and misrepresented material facts and circumstances relevant to this insurance and the loss in the presentation of the claim to State Auto, including, but not limited to, the cause and source of dye stains to Charles Pendleton's clothing, the assertion that a storm event caused damage to the roof in such a manner sufficient to allow rain water to enter the home and cause substantial damage to the home's interior and Defendants' clothing, and to cause standing water in excess of two (2) inches throughout the entire home.

13.

Defendants' concealment and misrepresentation of material facts and circumstances relevant to the insurance and the loss and which were material and relevant to the insurance and loss constitute violations of the express provisions of the State Auto policy.

14.

Consequently, because Defendants are not, and have never been, entitled to policy benefits as a result of this alleged loss, Plaintiff also seeks reimbursement from Defendants of all money improperly paid under State Auto Policy No. HMS 0044198 as a result of the alleged water loss.

## NO ADEQUATE REMEDY

15.

Plaintiff has no adequate remedy at law or in equity other than this action to have its rights, duties and responsibilities to Defendants determined. Otherwise, it will be harassed by other and further litigation and suffer irreparable damage therefrom.

## ACTUAL AND BONA FIDE DISPUTE

### 16.

Actual and bona fide disputes have arisen as to the liability of Plaintiff under the contract of insurance described herein, and Plaintiff desires to avail itself of the provisions of Rule 57, Federal Rules of Civil Procedure, to resolve all disputes and to avoid a multiplicity of actions.

## PARTIES HAVING INTEREST IN ACTION

### 17.

Defendants herein are parties whose interest may be affected by the determination of the issues herein, and are restrained from instituting and prosecuting other litigation at law or in equity in any other court concerning the above-described dispute pending a final determination of this cause in this court.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff respectfully prays that after due proceedings are had, this Court will enter a Judgment declaring:

(a)     That Plaintiff has no duty to pay any sum whatsoever to Defendants under the terms and provisions of the aforementioned policy of insurance;

(b)     That, alternatively, while denying any liability whatsoever to Defendants under the policy of insurance in question, in the event the Court should find such liability exists, the Court will enter a judgment declaring the extent of such liability;

(c)     That, in the event it is determined that Defendants are not entitled to coverage as a result of this alleged loss, that Plaintiff be entitled to a judgment against Defendants for amounts paid to Defendants that were not owing as a result of this alleged loss;

(d)     That, in the event it is determined that Defendants are entitled to coverage as a result of this alleged loss, that any judgment rendered in favor of Defendants be offset by amounts previously paid to Defendants following the subject loss;

(e)     That Defendants be restrained from instituting and prosecuting other/further litigation at law or in equity in any other court concerning the above-described dispute pending a final determination of this cause in this court; and

(f)     That Plaintiff is entitled to reasonable attorneys' fees and all costs in this action.

Plaintiff prays for such other and further relief as the Court may deem just and proper.

THIS, the 19th day of July, 2016.

                          Respectfully submitted,

                          STATE AUTO PROPERTY & CASUALTY
                          INSURANCE COMPANY, PLAINTIFF

                          By:  _____
                               DALE G. RUSSELL, MSB # 10837
                               DRussell@CCTB.com
                               MICHAEL G. GATLING, MSB # 101530
                               MGatling@CCTB.com
                               COUNSEL FOR PLAINTIFF

OF COUNSEL:

**COPELAND, COOK, TAYLOR, & BUSH, P.A.**
600 Concourse, Suite 100
1076 Highland Colony Parkway
Ridgeland, Mississippi 39157
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone: (601) 856-7200
Facsimile: (601) 856-7626