IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STATE AUTO PROPERTY & CASUALTY
INSURANCE COMPANY                                                                           PLAINTIFF

VS.                                             CIVIL ACTION NO.: 3:16-cv-00567-TSL-RHW

CHARLES PENDLETON AND BETTY PENDLETON                              DEFENDANTS

**Rebuttal on Defendant's Motion to Strike or Exclude the Testimony of
Lawrence E. Wedderstrand, P.E.**

Defendants Charles Pendleton and Betty Pendleton ("Defendants") file this rebuttal memorandum addressing their Motion to Strike or Exclude the Testimony of Lawrence E. Wedderstrand. Defendants' Motion to Strike or Exclude the Testimony of Nan Lyles should be granted, as Wedderstrand's opinions are unreliable. In further support of their motion to exclude, Defendants state the following.

**Argument**

Lawrence Wedderstrand is a structural engineer rendering opinions heavily based on unreliable information he obtained from weather sources which experts in his field would not reasonably rely when forming the type opinions he offers. Wedderstrand also offers opinions based on an inspection of the property conducted months <u>after</u> the Pendletons' roof had been repaired. State Auto insists that Wedderstrand is not offering opinions based on the weather information included in his report; and that his opinions are the result of "careful scientific study, analysis, and reasoning." State Auto's response on Defendants' Motion to Strike is creative, but creativity often times lacks logic; as does Wedderstrand's opinions.

1

In its response, State Auto spends a lot of time arguing that Wedderstrand does not offer opinions on weather conditions. This is interesting since Wedderstrand concludes, for example, that shingles on the Pendletons' home were displaced as a result of intentional mechanical damage because "[t]he weather information indicated that the maximum wind gust speed near the residence on March 9, 2016, the day prior to the date of the reported damage to the interior of the residence, was 36 mph, which was insufficient to displace shingles from the roof surface." *See* Wedderstrand's Report at page 16, attached as Exhibit "1." Stating that the weather conditions were insufficient to cause the damage claimed by the Pendletons' is surely an opinion regarding the weather conditions; particularly when you go a step further to conclude the damage the shingles were <u>displaced as a result of an intentional mechanical damage</u>.

The opinion articulated above, as well as others included in Wedderstrand's report, should be excluded as based on weather information obtained from sources that an expert in the field would not reasonably rely. Even as an engineer, Wedderstrand is to rely on weather information an expert in the field would reasonably rely when giving opinions that can only be reached by making determinations about weather conditions, i.e., the National Weather Service. Surely the builders of the Golden Gate Bridge didn't rely on second tier weather information when determining whether the Bridge could withstand acts of God.

The type opinions discussed above also include speculation as to the cause of the damage to the roof. As previously stated, nowhere in Wedderstrand's report does he provide any scientific bases for concluding this must have been an intentional act. It is one thing to say the wind gust couldn't have displaced the shingles; but it is another to state that this was

an intentional act. Even if Wedderstrand is qualified to make a determination about the potential damage caused (or not caused) by wind gusts, he goes beyond the latitude granted to experts when giving an opinion as to the cause of the shingles being displaced without basing this opinion on good grounds, or what is known. Defendants take issue with the weather information used by Wedderstrand to determine the wind gust speed and his highly speculative opinion that shingles were intentionally displaced. One is an unreliable, weather related opinion; and the other is a speculative opinion based on information not known by Wedderstrand and not based on any scientific methodology.

## Conclusion

For the reasons stated above, Defendants respectfully submit that their Motion to Exclude or Strike the Testimony of Lawrence E. Wedderstrand should be granted.

Respectfully submitted: September 11, 2017.

**CHARLES and BETTY PENDLETON**

By: /s/ *Jeffrey M. Graves*
Dennis C. Sweet, III (MSB No. 8105)
Jeffrey M. Graves (MSB No. 104327)
SWEET & ASSOCIATES, P.A
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: 601-965-8700
Facsimile: 601-965-8719

## CERTIFICATE OF SERVICE

I, Jeffrey M. Graves, counsel for Defendants, certify that on this day a true and correct copy of the previous document was served via electronic filing, which should notify all attorneys of record; and that the correct expert report and email regarding the report will be served via electronic mail and United States mail, postage prepaid, to the following:

Dale G. Russell
Michael G. Gatling
Adam V. Griffin
Copeland, Cook, Taylor, & Bush, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway
Ridgeland, Mississippi 39157
Post Office Box 6020
Ridgeland, Mississippi 39158

*Attorneys for Plaintiff*

This, the 11th day of September, 2017.

/s/*Jeffrey M. Graves*_____
Jeffrey M. Graves